# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SCOTT SANDILLO,**

                **Plaintiff,**

**-vs-**                                                                    **Case No. 6:11-cv-1944-Orl-22DAB**

**ALL VOLUSIA & FLAGLER HEATING &**
**AIR, LLC, and ANTONIO MADALENA,**

                **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **JOINT MOTION TO DISMISS COMPLAINT AND APPROVE SETTLEMENT (Doc. No. 26)**
>
> **FILED:**     July 12, 2012
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Following the filing of a Notice of Settlement in this Fair Labor Standards Act ("FLSA") case, the Court issued an Order directing the parties to file settlement documents sufficient to perform a fairness review, including evidence with respect to the reasonableness of any attorney's fee. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The instant motion followed. As it appears that Plaintiff will be compensated in full with respect to the FLSA claim, the Court **recommends** that the motion be granted, and the case be dismissed with prejudice.

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against

their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (*citing Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id*. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

Applied here, according to the Joint Motion, Defendant, while disputing liability, nonetheless has agreed to pay Plaintiff "100% of his overtime wages based on his time and compensation records," an equal amount as liquidated damages, and an *additional* $600, "to ensure he has been properly compensated." Since Plaintiff is receiving more than full compensation for his FLSA claim, the settlement should be approved. *See Hanks v. Racetrac Petroleum, Inc.*, Case No.: 6:11–cv–1368–Orl–28DAB, 2011 WL 4408242 (M.D. Fla. 2011) (As the parties agree that Plaintiff has obtained full relief under this agreement, there is no "compromise" to review); *see also Biscaino v. Ars Acquisition Holdings, LLC*, Case No.: 6:11–cv–894–Orl–28DAB, 2011 WL 4424394 (M.D. Fla. 2011) (Full recompense is *per se* fair and reasonable).

As for the attorney's fees, in FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).

This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed.Appx. 349, 351, 2009 WL 73164, 2 (11th Cir. 2009); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp. 2d 1259 (M.D. Fla. 2008) (applying lodestar analysis in FLSA case).

According to the settlement, Defendant will pay Plaintiff's counsel $3,865.00 in attorneys' fees and costs in addition to Plaintiff's recovery. The parties acknowledge that the amount to be paid by Defendants is reasonable and represent that the award of attorneys' fees and costs will not reduce Plaintiff's recovery. Thus, Plaintiff will receive full compensation on his claim plus an acceptable fee to the Plaintiff's attorneys in full satisfaction of the attorney's fees and costs associated with the claim. As long as counsel does not seek to recover anything further from Plaintiff, the recovery is not compromised by the fee agreement and the Court sees no reason to review it. The Court finds the settlement to be *per se* reasonable, and further analysis is not necessary.

As the Court finds the agreement to be a fair and reasonable resolution of a bona fide FLSA dispute, it is **respectfully recommended** that the motion be **granted**, the settlement be approved and the Complaint be dismissed, with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 13, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy